FILED'07 DEC 12 16:04USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY D. FISHER,                                    CV. 05-829-PA

        Petitioner,                              OPINION AND ORDER

    v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
and BRIAN BELLEQUE,

        Respondents.


        ANTHONY D. BORNSTEIN
        Assistant Federal Public Defender
        101 S.W. Main Street, Suite 1700
        Portland, OR  97204

            Attorney for Petitioner

        HARDY MYERS
        Attorney General
        JONATHAN W. DIEHL
        Assistant Attorney General
        Oregon Department of Justice
        162 Court Street, NE
        Salem, OR  97301

            Attorneys for Respondents

1 - ORDER

PANNER, District Judge.

Petitioner, in custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge the legality of an action by the Oregon Board of Parole and Post-prison Supervision (Parole Board). For the reasons set forth below, Petitioner's amended habeas corpus petition (#22) is DENIED, and this proceeding dismissed.

BACKGROUND

In March, 1985, Petitioner was convicted in Multnomah County Circuit Court of Aggravated Murder, Murder, Rape in the First Degree, Attempted Rape in the First Degree, and Burglary in the First Degree. The court merged several of the charges and Petitioner was sentenced to life in prison on Aggravated Murder, and to a consecutive, indefinite sentence for Rape in the First Degree. Petitioner appealed. The Oregon Court of Appeals upheld the aggravated murder conviction, but vacated the rape conviction as an underlying element of the aggravated murder. *State v. Fisher*, 80 Or.App. 45, 52 (1986). The Oregon Supreme Court denied review. 302 Or. 36 (1986).

In 1987, after the rape conviction was vacated the Parole Board erroneously set a parole release date. Administrative review by the Parole Board in 1990 corrected the error and established a review date instead. Petitioner became eligible to petition for

review on or after 15 years imprisonment.[1]

In 1999, Petitioner requested a Murder Review Hearing.  At the hearing, the Parole Board found Petitioner not likely to be rehabilitated within a reasonable period of time.  (Respt.'s Exh 103 at 33-35, Board Action Form #4.)  Two years later, Petitioner reapplied for review.  A hearing was held on October 17, 2001. Petitioner presented evidence to support his request for a change in the terms of confinement but the Parole Board unanimously found Petitioner "not likely to be rehabilitated within a reasonable period of time."  (*Id.* at 52-54, Board Action Form #5.)  Petitioner sought administrative review claiming there was no substantial evidence to support the Board's finding, and that the Board's actions were in violation of statutes and/or the Constitution because the Board went outside the scope of the hearing.  (*Id.* at 55-56, Administrative Review Request.)   Petitioner was denied relief based on the finding that there was evidence to support the Board's conclusion and that the Board did not violate any rules, statutes or constitutions.  (*Id.* at 57-58, Administrative Review Response #3.)

---

[1]  On review, if the Parole Board unanimously finds Petitioner "likely to be rehabilitated within a reasonable period of time" the terms of his confinement will change and he could be eligible for parole, release to post-prison supervision or work-release.  Or. Rev. Stat. § 163.105.

Petitioner sought review in the Oregon Court of Appeals.   The court affirmed without opinion and the Oregon Supreme Court denied review.   *Fisher v. Board of Parole*, 195 Or. App. 415 (2004), 338 Or. 374 (2005).

Petitioner filed the instant petition on June 6, 2005. Petitioner's amended petition raises the following four grounds for relief:

> Ground 1:  Petitioner was deprived of his Fourteenth Amendment right to Due Process when the Board deprived petitioner of his right to have his term of confinement converted to allow parole or work release because it found petitioner failed to satisfy new and unannounced criterion for showing likelihood of rehabilitation;

> Ground 2:  Petitioner was deprived of his Fourteenth Amendment right to Due Process when the Board failed to follow applicable law by requiring petitioner to demonstrate that he was rehabilitated and not just likely to become rehabilitated within a reasonable period of time;

> Ground 3: Petitioner was deprived of his Fourteenth Amendment right to Due Process when the Board failed to find that Petitioner met his statutory burden of proving by a preponderance of the evidence that he was likely to be rehabilitated within a reasonable period of time;

> Ground 4:  Petitioner was deprived of his Fourteenth Amendment right to Due Process when the Board failed to apply the clear and convincing standard to determine that petitioner was not "likely to be rehabilitated in a reasonable period of time" and erroneously denied relief because evidence that petitioner was not "likely to be rehabilitated within a reasonable period of time" was not clear and convincing.

Respondent contends Petitioner has failed to exhaust his state remedies and, thus, habeas relief is precluded.   Because Petitioner's claims fail on the merits, it is not necessary to

4 - ORDER

address the issue of exhaustion.  *See* 28 U.S.C. 2254 (b)(2).

DISCUSSION

A.  <u>Standards and Scope of Review under §2254.</u>

The standard of review applicable to habeas corpus petitions on behalf of a person in custody pursuant to the judgment of a state court is set out in 28 U.S.C. §2254 (d):

> "An application [ ] shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court construed this provision.  "[I]t seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ."  *Id.* at 386.  "We all agree that state court judgments must be upheld unless, after the closest examination of the state court judgment, a federal court is firmly convinced that a federal constitutional right has been violated."  *Id.* at 389.

/ / / /

/ / / /

/ / / /

5 – ORDER

(1) Contrary to, or unreasonable application of clearly established Federal law

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision. "*Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) cert. denied, 126 S. Ct. 484 (2005). A state court decision is "contrary to" clearly established Federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams,* 529 U.S. at 388.

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle [ ] but unreasonably applies that principle to the facts of the [ ] case." *Lambert* at 974 (citing *Williams*.) The state court's application of law must be *objectively unreasonable*. *Id.* (emphasis added). "Under §2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [the law] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [the law] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24,25 (2002), rehearing denied, 537 U.S. 1149 (2003), (internal citations omitted).

6 - ORDER

(2) Unreasonable determination of the Facts

In reviewing state court decisions, "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v Maddox*, 366 F. 3d 992, 999 (9th Cir. 2004). This is a standard that will be met in few cases. *Id.* at 1000.

When a state court does not supply the reasoning for its decision, a federal court does an independent review of the record to determine whether the state court decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 982 (9th Cir. 2000). If the federal court does not find that the state court decision was objectively unreasonable, deference is given to the state court decision and habeas relief is denied. *Id.* at 981-82; *see also Williams*, 529 U.S. at 386-89.

B.  The Merits.

Petitioner raises four claims premised on the alleged violation of his due process rights in October, 2001, when the Parole Board found him "not likely to be rehabilitated in a reasonable period of time" at a Murder Review Hearing.  In his memorandum, Petitioner does not argue his claims individually but presents one argument: "[t]he Board's decision that Petitioner had not proven the likelihood of rehabilitation within a reasonable period of time violated due process of law because it was not

supported by some evidence." (Petr.'s Mem., 13.) This argument does not address ground for relief Four and, accordingly, Ground Four is deemed abandoned. *Renderos v. Ryan*, 469 U.S. F.3d 788, 800 (9th Cir. 2006) (when there is no attempt to set forth applicable legal standards or meet them, claims are deemed abandoned). On the remaining grounds for relief, a close review of the record shows that the Parole Board's decision satisfied due process requirements and, accordingly, Petitioner is not entitled to relief.

In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held the quantum of evidence necessary to satisfy due process in a prison board determination is "some evidence from which the conclusion of the administrative tribunal could be deduced," thus protecting against arbitrary determinations. *Id*. at 455. The Court stated that the "relevant question is whether there is any evidence in the record that could support the conclusion reached by the . . . board." *Id*. at 455-56.

In *Jancsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987), the Ninth Circuit held the "some evidence" standard articulated in *Hill* applies to parole board hearings. Assuming without deciding that Oregon parole statutes convey Due Process rights, the Ninth Circuit found the requirements for Due Process in the parole hearing context were met when the Parole Board decision was supported by "some evidence" with "some indicia of reliability." *Id*.

8 - ORDER

Respondent notes that "there are no reported cases – in either the Oregon District Court or the Ninth circuit – that have decided whether Oregon's parole statutes create . . . an expectancy [of parole]" that would give rise to due process rights. (Respt.'s Response, 14.)  For the purposes of this opinion, that question need not be addressed.  In any event, due process protections in the parole hearing context are limited.  *Pedro v. Oregon Parole Bd.*, 825 F.2d 1396, 1399 (9th Cir. 1987).

In this case, Petitioner received written notice of the hearing and of his rights at least 14 days prior to the October 17, 2001, Murder Review Hearing.  (Respt.'s Exh. 103 at 36.)  Early in the hearing, Petitioner was informed that the sole purpose of the hearing was "to determine whether or not the inmate is likely to be rehabilitated within a reasonable period of time" and that he bore the burden "of proving by a preponderance of the evidence the likelihood of rehabilitation within a reasonable period of time." (*Id.*)  Petitioner was informed that the Parole Board would inquire about specific criteria under Or. Admin. Rule 255-032-0020.[2]  (*Id.*

---

[2]    Criteria indicating whether the inmate is likely to be rehabilitated prior to release include:
(1) The inmate's involvement in correctional treatment, medical care, educational, vocational or other training in the institution which will substantially enhance his/her capacity to lead a law-abiding life when released;
(2) The inmate's institutional employment history;
(3) The inmate's institutional disciplinary conduct;
(4) The inmate's maturity, stability, demonstrated responsibility, and any apparent development in the inmate personality which may

9 - ORDER

at 37.)   Petitioner was given the opportunity to be heard and
throughout his hearing provided details of his employment,
training, and activities while incarcerated, supplementing other
evidence he submitted to the Board.  (*Id.* at 37-44.)  Petitioner
also had the opportunity to address the Parole Board regarding his
insight at to what prompted him to commit the murder and what would
prevent him from engaging in criminal conduct if released into the
community.  (*Id.* at 42-47.)  After deliberations, the Parole Board
informed Petitioner that it unanimously found him "not likely to be
rehabilitated within a reasonable period of time."  (*Id.* at 50.)
Petitioner was asked if he had any questions and responded "no."
(*Id.*)

---

promote or hinder conformity to law;
(5) The inmate's past use of narcotics or other dangerous drugs, or
past habitual and excessive use of alcoholic liquor;
(6) The inmate's prior criminal history, including the nature and
circumstances of previous offenses;
(7) The inmate's conduct during any previous period of probation or
parole;
(8)  The  inmate  does/does  not  have  a  mental  or  emotional
disturbance, deficiency, condition or disorder predisposing them to
the commission of a crime to a degree rendering them a danger to
the health and safety of the community;
(9) The adequacy of the inmate's parole plan including community
support from family, friends, treatment providers, and others in
the community; type of residence, neighborhood or community in
which the inmate plans to live;
(10) There is a reasonable probability that the inmate will remain
in  the  community  without  violating  the  law,  and  there  is
substantial likelihood that the inmate will conform to the
conditions of parole.  Or. Admin. Rule 255-032-0020.

10 - ORDER

On administrative review of its decision, the Parole Board explained that, having considered all of the evidence Petitioner submitted, the Board "concluded it was necessary to determine what [Petitioner's] level of understanding [was] as to why [he] committed this crime in the first place to be able to determine whether or not [he] w[as] likely to be rehabilitated . . . ." (*Id.* at 58.)    The Board's attempt to discern Petitioner's level of understanding of his crime is reflected in the questions asked during the hearing.    Petitioner's lack of insight into why he committed the murder led the Parole Board to conclude that Petitioner had not shown he could be rehabilitated. (*Id.*)

The Parole Board's decision that Petitioner did not meet his burden of showing that he was likely to be rehabilitated in a reasonable period of time rests on Petitioner's responses to the Board's inquiry into his understanding of what prompted him to murder someone he barely knew.    Thus, the Parole Board decision is supported by some evidence with some indicia of reliability and due process requirements were satisfied.    Accordingly, the Oregon courts were not unreasonable in affirming the Board decision and habeas relief is precluded.

/ / / /

/ / / /

/ / / /

/ / / /

11 - ORDER

## CONCLUSION

Based on the foregoing, Petitioner's amended habeas corpus petition (#22) is DENIED and this proceeding DISMISSED.

IT IS SO ORDERED.

DATED this ___/4___ day of December, 2007.

_____
Owen M. Panner
United States District Judge

12 - ORDER